# Matter of N-E-R-S-, et al., Respondents

*Decided July 10, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

DHS is not required to provide an implementing instrument showing the operating procedures for an asylum cooperative agreement ("ACA") or a complete set of operative terms and criteria in order to establish that an alien is subject to the terms of the ACA in the context of the safe third country bar to asylum eligibility.

FOR THE RESPONDENTS:  Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Jean Chu, Assistant Chief Counsel

BEFORE:  Board Panel:  OWEN, GALLOW, and HANSELL, Appellate Immigration Judges.

GALLOW, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") has filed an interlocutory appeal from the Immigration Judge's January 27, 2026, decision denying its motion to pretermit the respondents' applications for asylum and withholding of removal under sections 208(b)(1)(A) and 241(b)(3)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(b)(1)(A), 1231(b)(3)(A) (2024), and protection under the regulations implementing the Convention Against Torture ("CAT").[1] Although we do not ordinarily entertain interlocutory appeals, we deem it appropriate to do so here "to correct recurring problems in the handling of cases by Immigration Judges." *Matter of M-D-*, 24 I&N Dec. 138, 139 (BIA 2007).  The interlocutory appeal will be sustained, the Immigration Judge's decision will be vacated, and the record will be remanded.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondents, natives and citizens of Venezuela, filed applications for asylum and related relief from removal with the Immigration Court on

---

[1]  The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994).  8 C.F.R. §§ 1208.16(c), 1208.17 (2026); 8 C.F.R. § 1208.18(a) (2020).

November 5, 2025. On January 16, 2026, DHS moved to pretermit the applications, arguing that the respondents are barred from applying for such forms of relief and protection because they are subject to the safe third country bar to asylum under the asylum cooperative agreement ("ACA") with Ecuador. *See* INA § 208(a)(2)(A), 8 U.S.C. § 1158(a)(2)(A) (2024); 8 C.F.R. 1240.11(h) (2026); Agreement Between the Government of the United States of America and the Government of the Republic of Ecuador Relating to the Transfer of Third-Country Nationals to Ecuador, 90 Fed. Reg. 51376 (Nov. 17, 2025).

On January 27, 2026, the Immigration Judge denied the motion to pretermit, concluding that DHS failed to show that the respondents are subject to the ACA with Ecuador. Specifically, the Immigration Judge found that DHS did not provide the required implementing "instrument" showing the operating procedures for the ACA or the "complete set of operative terms and criteria" to show that the respondents are subject to the terms of the agreement with Ecuador. DHS challenges the Immigration Judge's holding on appeal.

## II. DISCUSSION

This case involves the safe third country bar to asylum under section 208(a)(2)(A) of the INA, 8 U.S.C. § 1158(a)(2)(A), and the authority of Immigration Judges under 8 C.F.R. § 1240.11(h) to apply the bilateral ACA with Ecuador. In *Matter of C-I-G-M- & L-V-S-G-*, 29 I&N Dec. 291 (BIA 2025), we provided guidance to Immigration Judges on the proper application of the regulation in cases involving an ACA. *See also Matter of A-C-M-*, 29 I&N Dec. 703 (BIA 2026) (holding that determining whether the safe third country bar applies to an ACA country of removal generally will not require an evidentiary hearing). In this case and in a decision published today as a companion to this case, *Matter of E-A-R-M-*, 29 I&N 746 (BIA 2026), we further expand our ACA jurisprudence to explain the limits of an Immigration Judge's regulatory authority under 8 C.F.R. § 1240.11(h). Under the circumstances presented, we conclude that the Immigration Judge exceeded her regulatory authority and did not follow the correct procedures for deciding motions to pretermit based on an ACA. *See C-I-G-M- & L-V-S-G-*, 29 I&N Dec. at 295–97 (describing the application of ACAs and the governing regulation in removal proceedings).

After DHS provides an alien with proper notice of its intent to remove him or her to a safe third country for consideration of an asylum and protection claim under the ACA with the third country, the burden shifts to the alien to show by a preponderance of the evidence that the ACA does not

apply. *See Matter of E-A-R-M-*, 29 I&N Dec. at 48–50 (holding that a motion to pretermit is sufficient to provide the requisite notice of DHS' intent to remove the alien to a safe third country); *Matter of C-I-G-M- & L-V-S-G-*, 29 I&N Dec. at 295 (acknowledging the alien's burden to show that the safe third country bar does not apply). The regulations limit the Immigration Judge's authority in evaluating whether the alien has met this burden. As relevant here, the Immigration Judge may determine whether the agreement does not apply to the alien or does not preclude the alien from applying for asylum in the United States. 8 C.F.R. § 1240.11(h)(2)(i).

The Immigration Judge denied DHS' motion, finding that because it did not include a subsequent implementation plan for the agreement between Ecuador and the United States, DHS did not show that the respondents are subject to the ACA with Ecuador. The ACA with Ecuador provides:

> The Parties shall develop operating procedures to assist with the implementation of this Agreement through a subsequent instrument, including, among others, clear criteria to determine eligibility for transfer to the Republic of Ecuador, as well as any necessary bilateral assistance to implement this Agreement.

90 Fed. Reg. at 51379, 51384. However, any such subsequent instrument establishing procedures for the implementation of the ACA is not a part of the ACA itself and not included in the Federal Register document setting forth the ACA with Ecuador and its exceptions. It is therefore not a permissible basis for determining the ACA does not apply to the respondents. *See* 8 C.F.R. § 1240.11(h)(2)(i). Thus, the Immigration Judge erred in denying DHS' motion to pretermit solely on this basis. *See Matter of E-A-R-M-*, 29 I&N Dec. at 750–51 (recognizing that any subsequent implementation plan is not a part of the ACA itself and not a permissible source of exception to the applicability of the ACA); *Matter of C-I-G-M- & L-V-S-G-*, 29 I&N Dec. at 295 n.4, 298 (noting that an Immigration Judge may not require DHS to demonstrate that the third country is willing to accept the alien and may not determine whether the alien will have access to full and fair procedures in the third country).

### III. CONCLUSION

DHS is not required to provide an implementing "instrument" showing the operating procedures for the ACA or a "complete set of operative terms and criteria" in order to establish that the respondents are subject to the terms of the ACA with Ecuador in the context of the safe third country bar to asylum eligibility. We will therefore sustain DHS' interlocutory appeal and remand the record for the Immigration Judge to expeditiously determine whether the safe third country bar applies in this case. The Immigration

Judge may do so either by written order or during a promptly scheduled master calendar hearing after considering the evidence and arguments presented by the parties.

Accordingly, the following orders will be entered.

**ORDER:**  DHS' interlocutory appeal is sustained.

**FURTHER ORDER:**  The Immigration Judge's January 27, 2026, order denying DHS' motion to pretermit is vacated.

**FURTHER ORDER:**  The record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion and for the entry of a new decision.